O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STAFFORD JOEL SPICER, | ) Case No. LA CV 16-7757 BRO (JCG) |
| Petitioner, | ) **ORDER SUMMARILY DISMISSING** |
| v. | ) **PETITION FOR WRIT OF HABEAS** |
| | ) **CORPUS WITHOUT PREJUDICE AND** |
| DANIEL PARAMO, *Warden*, | ) **DENYING CERTIFICATE OF** |
| Respondent. | ) **APPEALABILITY** |

## I.

## INTRODUCTION

On October 9, 2016,[1] petitioner Stafford Joel Spicer ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1 at 158.]  However, because Petitioner currently has a pending state habeas petition, [Dkt. No. 1 at 3-4], which could result in the reversal of Petitioner's conviction or otherwise moot the federal question, the Petition and this action must be dismissed without prejudice.

---

[1]      In determining the filing date of a petition, *pro se* prisoners are entitled to the benefit of the "mailbox rule," which dictates that a document's constructive filing date is "the date a petitioner delivers it to the prison authorities for filing by mail."  *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002).

## II.

## STATE COURT PROCEEDINGS

On October 1, 2012, Petitioner was convicted of murder.  [Dkt. No. 1 at 2]; *see also People v. Spicer*, 235 Cal. App. 4th 1359, 1363 (2015), *review denied* (July 22, 2015).  On November 2, 2012, Petitioner was sentenced to life without the possibility of parole.  [Dkt. No. 1 at 2]; *see also Spicer*, 235 Cal. App. 4th at 1363.  On or near October 2, 2016, Petitioner filed a still-pending state habeas petition regarding his judgment.  [Dkt. No. 1 at 3-4.]

## III.

## DISCUSSION

As a rule, before a state prisoner challenges his state conviction via a federal habeas petition, he must first exhaust his federal grounds for relief in state court.  28 U.S.C. § 2254(b); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*).  To satisfy this requirement, a petitioner must "fairly present" his federal claims to the state courts, "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Id.* at 365 (internal citation and quotation marks omitted).  "If the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts."  *Sherwood v. Tomkins*, 716 F.2d 632, 633 (9th Cir. 1983) (citation omitted).

As the Ninth Circuit cogently explained, "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, *thereby mooting the federal question*."  *Sherwood*, 716 F.2d at 634 (emphasis added) (citing *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969)); *see also Belbin v. Picard*, 454 F.2d 202, 204 (1st Cir. 1972) ("We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously. . . .").

Here, Petitioner is currently awaiting adjudication on his habeas petition to the Los Angeles County Superior Court.  [Dkt. No. 1 at 3-4.]  Since Petitioner retains a pending post-conviction proceeding in state court – an action which may moot or otherwise affect his constitutional claims before this Court – he must await the outcome of that action before presenting his claims here.  *See Sherwood*, 716 F.2d at 634; *Larrimore v. Montgomery*, 2013 WL 6478599, at *1-2 (C.D. Cal. Dec. 9, 2013); *Davis v. Gibson*, 2013 WL 275258, at *1-2 (C.D. Cal. Jan. 23, 2013); *Ross v. Katavich*, 2013 WL 149665, at *1-3 (C.D. Cal. Jan. 14, 2013); *Valenzuela v. Busby*, 2011 WL 6780848, at *2-3 (C.D. Cal. Dec. 27, 2011); *Comminey v. Gonzalez*, 2011 WL 3323689, at *1-2 (C.D. Cal. July 29, 2011); *Lee v. Vaques*, 2010 WL 2330205, at *1-2 (C.D. Cal. June 7, 2010).

Petitioner is advised that this dismissal is *without prejudice*.  If Petitioner still desires federal habeas relief following the California state courts' adjudication of his state habeas petition, he may file a federal habeas petition with this Court.  Petitioner is further advised that there is a one-year statute of limitations on habeas claims by a petitioner in state custody, which ordinarily begins to run at the end of the period in which that petitioner can seek direct review.  28 U.S.C. § 2244(d)(1); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (for purposes of determining when judgment is final under § 2244(d)(1), period of direct review includes "the ninety-day period within which [the petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court").  The limitations period is tolled while a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, 28 U.S.C. § 2244(d)(2), but the limitations period is not tolled under section 2244(d) while a petition is pending in federal court.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

*//*

## IV.

## CERTIFICATE OF APPEALABILITY

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court thus declines to issue a certificate of appealability.

## V.

## ORDER

For the foregoing reasons, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

**IT IS FURTHER ORDERED THAT** a Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 26, 2016

_____

HON. BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE

---

[2]     Accordingly, Petitioner's Motion for Stay and Abeyance, [Dkt. No. 2], is **DENIED**. *See Cuong Viet Nguyen v. Virga*, 2012 WL 2989598, at *3 (C.D. Cal. June 22, 2012) (finding that "a stay would not be appropriate" because "[p]etitioner currently has a state habeas petition that is still pending in the state courts"), *report and recommendation adopted*, 2012 WL 2974674 (C.D. Cal. July 20, 2012).